UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **CONSOLIDATED GRAIN AND BARGE CO.,** § § § | |
| **Movant,** § § | |
| v. § § | CIVIL ACTION NO.: 5:25-cv-00058-RWS-JBB |
| **3E GRAIN, LLC,** § § § | |
| **Respondent.** § | |

### JOINT CONFERENCE REPORT, JOINT PROPOSED DOCKET CONTROL ORDER, AND JOINT PROPOSED DISCOVERY ORDER

Pursuant to the Court's July 29, 2025 Order [Dkt. 7], the parties file this Joint Conference Report and attached joint proposed Docket Control Order and Discovery Order.

As an initial matter, and in accordance with the Court's Order [Dkt. 7], the parties note the Court's sample docket control order refers to a jury trial and jury selection in Items No. 2-3 on the sample Docket Control Order (sample form revised Nov. 2023, at p. 1) (referring to jury trial and jury selection); *see also* Court's Order [Dkt. 7, p. 3]. Neither party has demanded a jury trial in this case. Additionally, a final trial on the merits is not necessary in this summary proceeding initiated to confirm a final arbitration award. Accordingly, and pursuant to the Court's Order [Dkt. 7, p. 3], the parties have attached to this Report clean and redlined copies of their requested changes to the Court's sample forms.

**a.** **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred on August 11, 2025. Max Moran for Plaintiff and Steve Harrelson for Defendant participated in the conference.

b. **List the correct names of the parties to this action.**

Plaintiff's correct name is Consolidated Grain and Barge Co. Defendant's correct name is 3E Grain, LLC.

c. **List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.**

None.

d. **Briefly describe in 3 paragraphs or less: (a) What this case is about and (b) Each claim or defense.**

Plaintiff initiated this action asking the Court to confirm a final arbitration award entered in its favor against Defendant. Section 9 of the Federal Arbitration Act ("FAA") provides that the Court must grant the order sought by Plaintiff unless the award is vacated, modified, or corrected. Section 9's provision for judicial confirmation "carries no hint of flexibility," and, as detailed by the Supreme Court:

> On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells the court to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

*Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (citing 9 U.S.C. § 9); *see also Hamstein Cumberland Music Grp. v. Williams*, 532 Fed. Appx. 538, 543 (5th Cir. 2013) (holding district court erred in refusing to confirm an award upon motion and "was required to grant an order of confirmation absent recourse to one of the seven, narrow grounds for modification or vacatur").

Because the award has not been vacated, modified, or corrected, Plaintiff contends the Court must grant the requested order to confirm the final arbitration award against Defendant. Plaintiff seeks confirmation and recovery of the amount of the arbitration award ($574,473.08), interest, and attorney fees and costs.

e. **Specify the basis of federal jurisdiction.**

Plaintiff initiated this action on the basis of diversity jurisdiction because complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

f. **Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.**

None at this time.

g. **List anticipated additional parties that may be included, when they might be added and by whom.**

The parties do not anticipate including any additional parties at this time.

h. **State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B).**

The parties are exempt from making initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(ix).

i. **If the parties disagree on any part of the discovery plan or case schedule, describe the opposing views.**

The parties do not disagree on any parts of the discovery plan or case schedule.

j. **State whether the parties request entry of a Protective Order or E-Discovery Order to govern this case.**

The parties do not currently request entry of protective order or E-discovery order. The parties anticipate, should the need arise during discovery, they will agree to submit a proposed protective order for the Court's consideration.

k. **State the progress made toward settlement, if any, and the present status of settlement negotiations.**

No settlement negotiations have taken place to date. The parties anticipate that should mediation become necessary, they will name an agreed upon mediator.

l. **If the parties have already agreed on a specific mediator, state the name and address of the mediator and at what stage of the litigation mediation would be most appropriate. In the event the parties are not able to agree at this time on whether**

> they want to mediate and/or on the name of a specific mediator, the Court notes that its sample docket control order provides a deadline for the parties to inform the Court as to whether they agree to mediate, and if so, to file a joint motion indicating a deadline for such mediation and also whether the parties have agreed upon a mediator.

The parties have not yet decided on a mediator. The parties will file a joint designation of agreed mediator in accordance with the Court's docket control order.

m. **State whether a jury demand has been made and if it was made on time.**

A jury has not been demanded.

n. **Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.**

Plaintiff contends that no trial on the merits in this matter is required and that it is entitled to confirmation of the final arbitration award pursuant to Section 9 of the FAA. *See* 9 U.S.C. § 9; *see United States Trinity Energy Servs., LLC v. Southeast Directional Drilling, LLC*, 135 F.4th 303, 307 (5th Cir. 2025) ("In our circuit, judicial review of an arbitration award is extraordinarily narrow."); *Liberty Ins. Corp. v. Omni Constr., Inc.*, 2022 WL 2373734, at *5 (S.D. Tex. June 9, 2022) ("A confirmation proceeding is thus a summary proceeding of limited scope, and not a civil action subject to expansive litigation and counterclaims."); *Williams*, 532 Fed. Appx. at 542-44 (holding trial court erred in reducing the arbitrator's award and denying attorneys' fees *sua sponte* on motion to confirm). However, if a final trial is necessary, Plaintiff anticipates that each party may need up to 20 hours for direct and cross examination of witnesses.

o. **List all pending motions.**

None, other than Plaintiff's Motion to Confirm Final Arbitration Award, which initiated this action. [Dkt. 1].

p. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference. The parties shall also advise as to whether they think the telephone scheduling conference is warranted or**

**whether the Court can enter the parties' proposals without having the scheduling conference.**

Plaintiff wishes to alert the Court to the fact that this matter is pending on a motion to confirm an arbitration award that has not been vacated, modified, or corrected, nor is such a motion pending. The confirmation of an arbitration award is a summary statutory process under Section 9 of the FAA and the proceeding merely makes what is already a final arbitration award a judgment of the court. Accordingly, Plaintiff believes this Court should forgo entering a discovery plan or setting a trial date and should instead grant the pending motion to confirm the arbitration award. If the Court is not inclined to grant the arbitration award, Plaintiff would ask the Court to instead set a deadline in 90 days by which time Plaintiff may file a renewed motion to confirm the arbitration award, which Defendant may choose to oppose. *See Liberty Ins. Corp.*, 2022 WL 2373734, at *5 (S.D. Tex. June 9, 2022).

KRISTEN L. PERRY
State Bar No. 24090015
kristen.perry@faegredrinker.com
MAX MORAN
State Bar No. 24118717
max.moran@faegredrinker.com
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860

Robert Gallup (pro hac vice)
robert.gallup@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
**ATTORNEYS FOR MOVANT**
**CONSOLIDATED GRAIN AND BARGE CO.**

Steve Harrelson
State Bar No. 24036729
HARRELSON LAW FIRM, P.A.
1321 Scott Street
Little Rock, Arkansas 72202-5150
Tel.: (501) 374-2210
Fax: (501) 374-2221
E-Mail: steve@harrelsonfirm.com
**Counsel for Defendant**


*/s/ Max A. Moran*
Counsel for Movant(s)                                   Date    August 13, 2023

*/s/ Steve Harrelson (w/ permission)*
Counsel for Defendant(s)                                Date    August 13, 2023