UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **CONSOLIDATED GRAIN AND BARGE CO.,** | § § § § § § § § § § § | |
| Movant, | | |
| v. | | CIVIL ACTION NO.: 5:25-cv-00058-RWS-JBB |
| **3E GRAIN, LLC,** | | |
| Respondent. | | |

# DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:[1]

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) any settlement agreements relevant to the subject matter of this action; and

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ix), the parties are exempt from making the disclosures required under Fed. R. Civ. P. 26(a)(1)(B).

2. **Protective Orders.** The parties have stated that a Protective Order is not necessary at this time.

3. **Discovery Limitations.** This matter was initiated to confirm a final arbitration award pursuant to Section 9 of the Federal Arbitration Act, and no discovery (other than the limited disclosures described above) is necessary or appropriate at this time. *See* <u>Liberty Ins. Corp. v. Omni Constr. Co., Inc.</u>, "A confirmation proceeding is thus a 'summary proceeding of limited scope,' and not a civil action subject to expansive litigation and counterclaims." 2022 WL 2373734, at *5 (S.D. Tex. June 9, 2022), report and recommendation adopted, No. 4:21-CV-02119, 2022 WL 2359643 (S.D. Tex. June 29, 2022).

4. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

5. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

6. **Disputes.**
    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party

        required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within seven (7) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

    (b)    In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (c)    Counsel are directed to contact the Discovery Hotline provided by Local Rule CV-26(e) for any "hot-line" disputes.

7.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because

it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

8. **Filings.** Unless specifically directed by the Docket Control Order or requested from chambers, courtesy copies do not need to be provided to chambers.