**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| CONSOLIDATED GRAIN AND BARGE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:25-CV-58-RWS-JBB |
| v. | § | |
| | § | |
| 3E GRAIN, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The above-captioned case was referred to United States Magistrate Judge James B. Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court is Defendant's Written Objection to Magistrate Report and Recommendation. Docket No. 17.

## BACKGROUND

Pursuant to Section 9 of the Federal Arbitration Act, Plaintiff Consolidated Grain and Barge Co. seeks confirmation of an October 9, 2024 arbitration award against Defendant 3E Grain, LLC. Plaintiff has provided the final arbitration award, the underlying agreements, and other relevant documents, which show as follows.

Between March and November 2021, the parties entered into five contracts which required Defendant to deliver specified quantities of corn and soybeans to Plaintiff. Docket No. 1 at ¶ 11. One of the contracts required Defendant to deliver 600,000 bushels of corn to Plaintiff (the "Contract"). *Id.* at ¶ 12. Through the Contract, in addition to the corn transaction, the parties agreed that "all disputes and controversies of any nature whatsoever between them with respect to this contract shall be arbitrated according to the Arbitration Rules of the National Grain & Feed

Association ("NGFA"), and that the decision and award determined thereafter shall be final and binding on Seller and Buyer." *Id.* at ¶ 13; Docket No. 13-1 at 2.

Defendant delivered a portion of the agreed quantity of corn under the Contract but did not complete performance. Docket No. 1 at ¶ 15. The parties extended the delivery period for the contracted corn through March 2023. *Id.* at ¶ 16. Defendant failed to deliver the obligated corn, which constituted a material breach of the Contract. *Id.* at ¶ 17. As a result of Defendant's breach, Plaintiff cancelled the Contract and sent Defendant an invoice for the resulting damages. *Id.* at ¶ 18. Defendant has not compensated Plaintiff for its losses. *Id.* at ¶ 19.

On July 31, 2023, Plaintiff submitted an arbitration complaint to the NGFA, through which it sought to recover the losses it incurred as a result of Defendant's non-performance of the Contract and other unperformed contracts between the parties. *Id.* at ¶ 20; Docket No. 13-2 (stating Defendant never objected to the Contracts or their terms and repeatedly acknowledged "their binding nature by requesting multiple rolls of the delivery periods and futures reference months and by delivering a portion of the obligated corn under Contract 304883"). After Plaintiff filed its arbitration complaint, and in order to commence the arbitration proceedings, the NGFA prepared an arbitration services contract for signature by both parties and sent notice to the parties on or about August 16, 2023. Docket No. 1 at ¶ 21; Docket No. 13-3 at 1. Plaintiff signed the arbitration services contract and paid its respective portion of the arbitration services fee on or about August 23, 2023. Docket No. 1 at ¶ 22. However, Defendant rejected two letters from NGFA and did not return the arbitration services contract or otherwise participate in the arbitration. *Id.* at ¶¶ 23-24; Docket No. 13-3 at 1.

On October 9, 2024, NGFA entered default judgment against Defendant for the losses associated with Defendant's breach of the Contract, awarding Plaintiff $574,473.08, plus interest

accruing "at the statutory rate available for judgments in the applicable jurisdiction" from the date of the default judgment until the balance is paid in full (the "arbitration award"). Docket No. 1 at ¶ 26; Docket No. 13-3. The arbitration award expressly states that it does not preclude Plaintiff from seeking an "additional award for interest, legal fees or costs in a court of law." Docket No. 13-3 at 2. Plaintiff now moves to confirm this award.

On August 4, 2026, the magistrate judge entered a report and recommendation, recommending Plaintiff's motion be granted. Docket No. 17. Specifically, the magistrate judge recommends that the district court enter an order confirming the arbitration award and findings issued in the NGFA arbitration decision dated October 9, 2024, and that Plaintiff be awarded damages in the principal amount of $574,473.08 as set forth in the arbitration award. Docket No. 17 at 7–8. Additionally, the magistrate judge recommends the Court grant Plaintiff's request for post-judgment interest for all damages awarded, at the statutory rate provided in § 1961, from the date of final judgment until it is paid in full. *Id*. at 9 (further instructing Plaintiff to meet and confer with Defendant and to submit the identified statutory rate within fourteen (14) days). Finally, the magistrate judge stated that any request by Plaintiff to recover a particular amount of attorney's fees and costs should be filed post-judgment in accordance with Federal Rule of Civil Procedure 54(d)(2). *Id*.

Defendant has filed objections to the report and recommendation. Docket No. 19. Plaintiff has filed a response to the objections. Docket No. 20. Plaintiff has also filed its submission regarding the statutory interest rate. Docket No. 18.

## LEGAL STANDARDS

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.”). For the unobjected-to portions of a magistrate judge’s report the standard of review is “clearly erroneous, abuse of discretion and contrary to law.” *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

**ANALYSIS**

The magistrate judge found Plaintiff has demonstrated that the arbitration award is binding on the parties under the relevant arbitration agreement and 9 U.S.C. § 9. Docket No. 17 at 5 (citing *Steward Healthcare Sys. L.L.C. v. Prudhomme*, No. 1:23-CV-13-MJT-CLS, 2023 WL 3573910, at *2 (E.D. Tex. Apr. 25, 2023), *report and recommendation adopted*, 2023 WL 3573542 (E.D. Tex. May 19, 2023)). According to the magistrate judge, Plaintiff has submitted evidence showing that the parties agreed to arbitrate any disputes arising out of the Contract according to the arbitration rules of the NGFA and that the decision and award thereafter shall be final and binding; therefore, the specific damages awarded by NGFA should be confirmed. *Id.* The magistrate judge further held that Defendant’s few affirmative statements in its response to avoid the arbitration award’s confirmation do not warrant modification or vacatur of the arbitration award. *Id.*

Defendant raises three objections, all of which can be considered together. Defendant first objects to the magistrate judge’s finding that the underlying arbitration proceedings were not fundamentally unfair. Docket No. 19 at 1. According to Defendant, the “lack of proper notice prevented Defendant not only from presenting a defense at arbitration but did not provide Defendant with the outcome of the arbitration.” *Id.* Defendant next objects to the magistrate judge’s finding that Defendant failed to file a motion to vacate the arbitration award within three months. *Id.* at 1–2. Defendant argues it “was not made aware of the arbitration award within the three month period and therefore could not comply with 9 U.S.C. § 12.” *Id.* at 2. Finally, Defendant

objects to the magistrate judge's report and recommendation recommending that the arbitration award be confirmed. *Id.*

Defendant's objections are without merit. In the report and recommendation, the magistrate judge noted that NGFA sent two separate notices to 3E via Federal Express, but both were rejected. The magistrate judge held Defendant's "conclusory arguments do not show that it was not properly notified, or more critically, that the arbitration proceeding was fundamentally unfair." Docket No. 17 at 6. Importantly, the magistrate judge highlighted another obstacle facing Defendant—that under the FAA's applicable limitations provision, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *Id.* (citing 9 U.S.C. § 12).

The magistrate judge noted that Defendant was personally served with Plaintiff's motion to confirm on June 20, 2025. *Id.* Even if the Court were to assume—as did the magistrate judge—that June 20, 2025 was the first date on which Defendant received notice of the Award, Defendant still only had until September 20, 2025 to move to vacate, modify, or correct it. *See Brown v. Ally Fin. Inc*., No. 18-CV-70, 2019 WL 6718672, at *3 (S.D. Miss. Dec. 10, 2019) (treating service of a motion to confirm an arbitration award as the defendant's first notice of the award for purposes of § 12's three-month limitations period). Yet, as noted by the magistrate judge, Defendant has not filed any such motion to date, much less within three months after it undisputedly received notification of Plaintiff's original petition to confirm the arbitration award. Docket No. 17 at 6. Accordingly, any request to vacate—based on lack of notice or the alleged invalidity of the award as a defense to confirmation—is untimely. *Id.* at 6–7 (citing cases).

As urged by Plaintiff, Defendant has forfeited its opportunity to challenge the arbitration award and may not now avoid confirmation by raising untimely challenges to the arbitration

proceedings or the validity of the arbitration award. *See Am. Income Life Ins. Co. v. Alkurdi*, No. 18-CV-01071, 2019 WL 2022220, at *1 (W.D. Tex. Apr. 25, 2019). Having failed to timely seek vacatur, modification, or correction of the arbitration award after receiving notice of it, Defendant cannot now use objections to the report and recommendation as a substitute for the exclusive remedies provided by the FAA.

**CONCLUSION**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the report and recommendation of the magistrate judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 19) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's renewed motion to confirm final arbitration award (Docket No. 13) is **GRANTED**. The Court hereby confirms the arbitration award and findings issued in the NGFA arbitration decision dated October 9, 2024, and orders that Plaintiff is awarded damages in the principal amount of $574,473.08 as set forth in the arbitration award, with the statutory rate under Texas state law as provided for in the contract being 18% per year and compounded annually. According to Plaintiff's submission, for a period running from October 9, 2024 through August 4, 2026, 664 days or 1.819 years elapsed, "and $193,000.08 of interest accrued." Docket

No. 18 at ¶ 5. Finally, any request by Plaintiff to recover a particular amount of attorney's fees and costs should be filed post-judgment in accordance with Federal Rule of Civil Procedure 54(d)(2).

**So ORDERED and SIGNED this 28th day of September, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE